UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME WASHINGTON, | ) Case No.: CV 13-7192-PJW |
| Plaintiff, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI").  He claims that the Administrative Law Judge ("ALJ") erred in finding that Plaintiff was not credible.  For the reasons explained below, the Agency's decision is affirmed.

## II.   SUMMARY OF PROCEEDINGS

In April 2011, Plaintiff applied for SSI, alleging that he had been disabled since birth due to "mental issues," including schizophrenia.  (Administrative Record ("AR") 35-36, 125-34,

1

147.)  The Agency denied his application initially and on
reconsideration.  Plaintiff then requested and was granted a
hearing before an ALJ.  (AR 83-91.)  In June 2012, he appeared
with counsel and testified at the hearing.  (AR 32-51.)  The ALJ
subsequently issued a decision denying benefits.  (AR 13-20.)
Plaintiff appealed to the Appeals Council, which denied review.
(AR 1-3, 9.)  He then commenced this action.

                        III.   ANALYSIS

     The essence of Plaintiff's testimony was that he suffered
from schizophrenia and that it prevented him from working.  (AR
36-45.)  The ALJ agreed that the evidence supported his claim
that he suffered from a schizophrenia but determined that it did
not prevent him from working.  (AR 17.)  In doing so, the ALJ
concluded that Plaintiff's testimony that he could not work was
not credible.  Plaintiff claims that the ALJ erred in doing so.
For the following reasons, the Court disagrees.

     ALJs are responsible for judging the credibility of
witnesses, including the claimants.  In making these
determinations, they can rely on ordinary credibility evaluation
techniques.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.
1996).  Where a claimant has produced medical evidence of an
impairment which could reasonably be expected to produce the
symptoms alleged and there is no evidence of malingering, an ALJ
can only reject the claimant's testimony for specific, clear,
and convincing reasons, *id.* at 1283-84, that are supported by
substantial evidence in the record.  *Thomas v. Barnhart*, 278
F.3d 947, 959 (9th Cir. 2002).

The ALJ gave several reasons for questioning Plaintiff's credibility. First, he noted that the record did not establish that Plaintiff's symptoms prevented him from working. (AR 17.) The ALJ pointed out, for example, that the notes from Plaintiff's treating psychiatrist while he was in prison demonstrated that his condition was stable while on Geodon. (AR 17.) This is a valid reason for questioning Plaintiff's claims of disabling symptoms, *see, e.g., Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."), and is supported by the record. Plaintiff submitted nine chart notes from the prison psychiatrist for the period April 2011 to April 2012. (AR 276-85.) These chart notes record that, generally speaking, Plaintiff was doing well on Geodon and that it helped him control his symptoms. (AR 276-85.) For example, on April 21, 2011, Plaintiff saw the prison psychiatrist for the first time and reported that he had no problems or complaints, other than hearing voices, which the doctor found were "contained" with Geodon. (AR 285.) There are eight more entries in the records documenting the doctor's contacts with Plaintiff during the course of the following year. The chart notes from five of those visits reflect that Plaintiff was stable (May 2, 2011, May 23, 2011, October 4, 2011, January 12, 2012, and April 11, 2012). (AR 277-79, 282, 284.) Two of the notes, from June 29 and September 27, 2011, do not describe his condition at all. (AR 280-81.) And one note, from May 19, 2011, describes him as "highly anxious," though it is not clear

whether the doctor even saw him that day as the note indicates that the "contact" was other than a face to face.  (AR 283.) Notes from the prison psychologists and social workers who treated Plaintiff during this same period also reflect that, in general, they found him to be stable, too.  (AR 232-44.) Furthermore, on May 26, 2011, examining psychiatrist Suzanne Ashman found that Plaintiff would be no more than mildly impaired in his ability to function in the workplace.  (AR 256.)

Plaintiff disagrees with the ALJ's characterization of the medical evidence.  He points out that, in addition to finding Plaintiff highly anxious in June 2011, the prison psychiatrist also found that he was unable to work because he was hearing voices when he was under stress, was confused about his medications, and felt sleepy on Geodon.  (Joint Stip. at 5.) Though the records include these entries (AR 277, 279, and 284), they do not undermine the ALJ's characterization of the psychiatrist's assessments.  These same records document that the psychiatrist believed that Plaintiff was stable on his meds. In fact, on the day that he found that Plaintiff was confused about his medications and was still hearing "some" voices, he noted that Plaintiff was stable.  (AR 279.)  As to the prison psychiatrist's opinion that Plaintiff was not able to work, the ALJ was not required to accept it as it was an issue reserved to the ALJ.  *Martinez v. Astrue*, 261 Fed. App'x 33, 35 (9th Cir. 2007) ("[T]he opinion that Martinez is unable to work is not a medical opinion, but is an opinion about an issue reserved to the Commissioner.  It is therefore not accorded the weight of a medical opinion.").  Thus, the ALJ's finding that Plaintiff's

claims of disabling impairment were undermined by the medical records from the prison is supported by the record and constitutes a valid reason for questioning his testimony.[1]

The ALJ also concluded that Plaintiff was exaggerating when he claimed that he could not work because he was able to perform a number of daily activities like bathing, dressing, preparing meals, and handling money. (AR 18.) Though the record supports the ALJ's finding that Plaintiff could perform these functions, the Court does not agree with the ALJ that Plaintiff's ability to perform them undermines his testimony that he could not work. They are simple, routine functions that obviously have little or no connection to holding down a job for 40 hours a week. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); and *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (holding ALJ errs in failing to explain how ability to perform daily activities translated into ability to perform work).

---

[1] Plaintiff contends that the ALJ erred by not addressing his testimony that Geodon made him sleepy. (Joint Stip. at 3-4.) The record shows, however, that Plaintiff did not report any side effects from Geodon while he was in prison, nor did he mention any to the examining psychiatrist. (AR 232-44, 252-56.) As such, any failure by the ALJ to address the side effects was not erroneous. *See*, *e.g.*, *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) (holding ALJ did not err in failing to address "passing mentions" of side effects in medical records where there was no evidence that the side effects were severe enough to interfere with claimant's ability to work).

The third reason offered by the ALJ for questioning Plaintiff's testimony was that he was treated "conservatively" with psychotropic medications and was not hospitalized. (AR 18.) This is a valid reason for questioning a claimant's testimony. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") And the record supports the ALJ's finding that Plaintiff's treatment was conservative. In fact, the Court would characterize it as non-existent, except when he was in prison. As Plaintiff explained to the examining psychiatrist, when he was 15, he was placed in a psychiatric hospital for one month. (AR 253.) He was 50 years old at the time of the administrative hearing. Yet, the only psychiatric treatment he received in that 35-year interval was when he was in prison. (AR 232-44, 272-85.) Even accepting his statement that he did not start hearing voices until 2005 (AR 252), he did not submit any records to show that he received treatment for the voices until 2010, when he was in prison. And there is no record of him receiving any treatment after he was released. Though the Court might quibble with the ALJ's finding that Plaintiff's treatment was conservative in the absence of any medical testimony that a more aggressive treatment was warranted, the Court agrees with the ALJ's sentiment that Plaintiff's testimony that he suffers from a debilitating psychiatric disorder is incongruent with the minimal treatment he received.

Finally, the ALJ noted that, though Plaintiff testified that he was not able to go out alone, he told the examining

psychiatrist that he could.  (AR 18.)  The ALJ was entitled to
rely on the fact that Plaintiff contradicted his testimony.
*Smolen*, 80 F.3d at 1284 (explaining ALJs are entitled to rely on
ordinary credibility evaluation techniques, including a
claimant's prior inconsistent statements concerning his
symptoms, in evaluating his credibility).

In the end, the Court finds that three of the reasons cited
by the ALJ for questioning Plaintiff's testimony are supported
by the evidence and one is not.  The issue that remains is
whether these three reasons are enough to uphold the ALJ's
credibility finding.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*,
533 F.3d 1155, 1162 (9th Cir. 2008) (holding error by ALJ in
credibility determination is harmless "[s]o long as there
remains substantial evidence supporting the ALJ's conclusions on
. . . credibility and the error does not negate the validity of
the ALJ's ultimate credibility conclusion.").  The Court finds
that they are.  It is clear from this record that Plaintiff's
condition is controlled by his medication.  Further, but for his
time in custody, he did not receive any treatment for a
condition that he claims is incapacitating.  Finally, though he
presents himself as someone who is incapable of leaving his
house on his own, he told his doctor that he could.  All this
evidence suggests that Plaintiff's testimony that he was unable
to work due to his condition was not true and the ALJ rightly
questioned it concluding that Plaintiff was not disabled.[2]

---

[2] Plaintiff complains that the ALJ failed to include all of
his subjective complaints in the hypothetical question to the
vocational expert.  This argument is rejected.  The ALJ was only
required to include those limitations that he found believable,

IV. CONCLUSION

For these reasons, the ALJ's decision that Plaintiff is not disabled is affirmed and the action is dismissed with prejudice.

IT IS SO ORDERED.

DATED:   October 30, 2014

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\WASHINGTON, 7192\Memorandum Opinion and Order.docx

which he did.   *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).